J-S25021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LESTER LEON WILSON | |
| Appellant | No. 1132 MDA 2013 |

Appeal from the PCRA Order dated June 7, 2013
In the Court of Common Pleas of the 41st Judicial District,
Juniata County Branch
Criminal Division at No: CP-34-CR-0000104-2010

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 11, 2016**

Appellant Lester Leon Wilson *pro se* appeals from an order of the Court of Common Pleas of the 41st Judicial District, Juniata County Branch (PCRA court), which denied his request for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history underlying this appeal are extensive, but undisputed.  On January 28, 2010, Appellant was charged at docket number 104-2010 with rape of a child (18 Pa.C.S.A. § 3121(c)) and statutory sexual assault (18 Pa.C.S.A. § 3124.1) because he was accused of sexually abusing his eleven-year-old daughter.  The sex abuse began when the child was seven years old.  Detailing the gravamen of the sex abuse, the affidavit of probable cause accompanying the complaint provided in part:

> The victim was asked who may have done something to her and she indicated that it was her dad.  She indicated that her dad is

[Appellant]. The victim related that it was going on for a while and started when she was in either first or second grade. She related that her mom and dad were living together when it first started. She related that she was going to . . . [e]lementary [s]chool. The victim was asked when "it" occurred and she related that it happened at night and everyone else was sleeping. The victim was asked where "it" occurred and she indicated that "it" happened in his room. She related that "it" happened just about every week and happened a few times each week.

The victim was asked if she told anyone else about what was happening and she related that she did not tell anyone else. The victim was then asked what happened. The victim related that [Appellant] was touching places he should not be touching. The victim was asked what he was using to touch places he shouldn't and she indicated that he used his hands. The victim was shown anatomically correct drawings of a female child and adult male. The victim was asked to point on the drawings to where [Appellant] touched her. The victim pointed to the breast area and vaginal area. The victim was asked what she calls the breast area and she indicated that she calls them boobs. The victim was then asked what she calls the vaginal area and she indicated that she just calls it her private part. The victim related that [Appellant] would touch her underneath her clothes.

The victim was asked if he ever had her touch anything on him and she indicated yes. The victim was then shown the drawing of the male and asked if it was a picture of a boy or a girl and she indicated that it was a boy. The victim was asked what did [Appellant] have her touch on him and she pointed to the penis. She was then asked if she has a name for that and she indicated, just private part. The victim was asked if [Appellant's] private part ever touched her private part and she indicated that it did. The victim was asked when [Appellant] had his private part on her private parts would he be on top of her and she indicated that he was on top of her. The victim was asked how it made her feel and she related that it felt weird and made her body feel not good or uncomfortable. The victim was asked how often it happened when his private part was touching her private part and she indicated that it did not happen that often like three times a week usually.

The victim was asked if [Appellant] ever told her not to tell anyone and she indicated that he told her pretty much every time not to tell anyone. The victim was asked about when she indicated that it made her uncomfortable. She was asked did it hurt. The victim indicated that sometimes it hurt. She was asked what hurt and she indicated that his private part hurt her private part.

Affidavit of Probable Cause, 1/28/10. The case proceeded to a consolidated jury trial,[1] following which the jury found Appellant guilty of, *inter alia*, rape of a child and statutory sexual assault. Subsequently, the trial court sentenced Appellant to 84 to 186 months' imprisonment for rape of a child. It also imposed upon Appellant a concurrent sentence of 14 to 28 months' imprisonment for statutory sexual assault.[2] Although Appellant appealed the judgment of sentence, he later filed a praecipe in this Court to discontinue the appeal.

Thereafter, Appellant filed a PCRA petition, asserting, *inter alia*, claims of ineffective assistance of counsel. Specifically, Appellant asserted that his trial counsel was ineffective for failing to obtain preliminary hearing transcripts. Appellant also asserted that the trial counsel was ineffective because he allowed the competency hearing of Appellant's minor daughter to occur in the presence of a jury. On June 7, 2013, the PCRA court denied Appellant relief. Appellant's counsel refused to file a notice of appeal, and thus Appellant *pro se* appealed to this Court.

Following Appellant's filing of an appeal notice, on June 28, 2013, the PCRA court ordered him to file within twenty-five days a Pa.R.A.P. 1925(b)

---

[1] This case (docket number 104-2010) was consolidated for trial with several other dockets at which Appellant was charged with sexually abusing four other children, some of whom were biologically related to him, in addition to his eleven-year old daughter.

[2] Appellant's aggregate sentence for all dockets was 16 to 36 years' imprisonment.

statement of errors complained of on appeal. Thereafter, on July 5, 2013, Appellant's counsel moved to withdraw on the basis that "[u]dersigned counsel[3] and the law firm of Gover Perry [&] Shore were retained to represent [Appellant] for sentencing and the Post-Conviction Collateral Relief," and **not "for any appellate filings or proceedings**." Motion to Withdraw, 7/5/13, at ¶¶ 15-16 (emphasis added). The PCRA court refused to take action on the motion to withdraw under Pa.R.A.P. 1701(a).

On August 14, 2013, this Court issued an order, directing the PCRA court to, *inter alia*, "conduct an on-the-record inquiry to determine whether Appellant wishes to proceed with another attorney from Gover, Perry & Shore, *pro se*, or with other appointed counsel." Upon complying with our order, on September 13, 2013, the PCRA court issued an order, dismissing Appellant's counsel from representation and appointing Nevin Zimmerman, Esq. to represent Appellant. On January 3, 2014, Appellant's appointed PCRA counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and petitioned to withdraw from the case.

On July 1, 2014, we issued a judgment order, remanding to the PCRA court the appeal in the above-captioned matter with instruction to order

---

[3] Counsel replaced Attorney Gover who was diagnosed with terminal brain cancer. As we noted in our August 14, 2013, order Attorney Gover passed away.

Appellant to file a Rule 1925(b) statement. Despite being represented by PCRA counsel, however, Appellant filed a *pro se* Rule 1925(b) statement. Given the hybrid representation, we again issued an order remanding the case to the PCRA court to determine under ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), in an on-the-record hearing, with Appellant's PCRA counsel present, whether Appellant desired to proceed *pro se*. The PCRA court held a ***Grazier*** hearing on March 27, 2015, following which it determined that Appellant wished to proceed *pro se*. As a result, the court permitted appointed PCRA counsel to withdraw.

In his Rule 1925(b) statement, Appellant raised multiple assertions of error. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, noting that the majority of Appellant's issues were not preserved for appeal because they were raised for the first time in his Rule 1925(b) statement. The PCRA court, however, noted that Appellant had preserved only two issues for review, both of which related to ineffectiveness claims. Addressing the first issue, the PCRA court concluded that Appellant failed to establish that his trial counsel provided ineffective assistance to the extent counsel failed to request preliminary hearing transcripts. With respect to the second issue, the PCRA court concluded that Appellant failed to establish that his trial counsel rendered ineffective assistance insofar as he allowed

Appellant's minor daughter to be colloquied on her competency in the presence of the jury.

On appeal,[4] Appellant raises ten issues for our review.[5]

[1.] The trial court held an improper competency hearing in the presence of the jury, as all counsels were ineffective with this claim and the PCRA court abused its discretion by not granting a new trial[.]

[2.] Counsel did not utilize the preliminary hearing transcript as useful impeachment evidence. The state has not afforded [Appellant] any of the transcripts, and the PCRA court has abused its discretion with this claim[.]

[3.] Counsels did not investigate exculpatory evidence and compulsory process witnesses, and the PCRA court has abused its discretion[.]

[4.] Counsels failed to raise the issue of the state's non-compliance with the tender years hearsay exception, and the PCRA court has abused its discretion[.]

[5.] Counsels failed to raise the issue that no prompt complaint jury instruction was requested and the PCRA court abused its discretion[.]

---

[4] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

[5] We must reject Appellant's argument that the trial court imposed a mandatory minimum sentence in conflict with *Alleyne v. United States*, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt) when it sentenced him to 84 to 184 months in prison for rape of a child. Instantly, at the time Appellant was sentenced, he was subject to a ten-year mandatory minimum sentence for the rape of a child offense under Section 3121(c) of the Code. *See* 42 Pa.C.S.A. 9718(a)(3). The record, specifically the sentencing transcript, reveals that Appellant did not receive a ten-year (120 months) mandatory minimum sentence for his Section 3121(c) conviction. Rather, Appellant was sentenced to 84 to 184 months' imprisonment.

[6.] Counsels failed to raise the issue of the state vouching for credibility of its own witnesses and the PCRA court abused its discretion[.]

[7.] Counsels failed to raise the issue of the state utilizing known coached/fabricated testimony to gain a conviction and the PCRA court abused its discretion[.]

[8.] Counsels failed to raise the issue of goading [Appellant] to directly comment upon the veracity of the state's witness, and the PCRA court abused its discretion[.]

[9.] Counsels failed to raise the issue of the state utilizing otherwise inadmissible character evidence against [Appellant] and the PCRA abused its discretion[.]

[10.] Counsels failed to raise the issue that certain offenses were barred by the statute of limitations, and the PCRA court abused its discretion[.]

Appellant's Brief at i.

At the outset, we note that Appellant has waived appellate review of issues three through ten, because he raised them for the first time in his Rule 1925(b) statement. "It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (internal quotation marks and citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011); *see also Commonwealth. v. Tejada*, 107 A.3d 788, 790 (Pa. Super. 2015) (explaining that an issue may not be raised for the **first time** in a Rule **1925**(b) statement); *see* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Moreover, to the extent Appellant raises ineffectiveness claims against his PCRA counsel, such claims likewise are waived. We recently held that allegations of PCRA counsel's ineffectiveness cannot be brought for the first

time on a PCRA appeal. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), **appeal denied**, 101 A.3d 785 (Pa. 2014).

We now turn to Appellant's argument that his trial counsel was ineffective for (1) failing to request preliminary hearing transcripts, and (2) allowing the competency of his minor daughter to occur in the presence of the jury.

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "**Pierce**[6] test," or the claim fails." **Id.**

Instantly, despite Appellant's argument that his ineffectiveness claims meet the arguable merit prong of the **Pierce** test, his brief is bereft of any discussion or argument with respect to the reasonable basis and prejudice prongs. As we recently emphasized, "[a] petitioner must prove all three factors of the **Pierce** test, or the [ineffectiveness] claim fails. In addition,

---

[6] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

on appeal, a petitioner *__must adequately discuss all three factors__* of the *__Pierce__* test, or the appellate court will reject the claim." *__Reyes-Rodriguez__*, 111 A.3d at 780 (emphasis added) (citing *__Fears__*, 86 A.3d at 804)). Thus, given Appellant's failure to discuss the reasonable basis and prejudice prongs on appeal, we must reject his ineffectiveness claims.

Order affirmed.

Musmanno, J. joins the memorandum.

Ott, J. files a concurring memorandum in which Stabile, J. and Musmanno, J. join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2016